IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:12mj230 (DJN) |
| | ) | |
| CHARLES L. TAYLOR, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Charles L. Taylor ("Defendant") comes before this Court requesting that "police and court records relating to" his assault charge from 2012 be expunged and sealed. (Mot. for an Order of Expungement and Sealed ("Def.'s Mot.") (ECF No. 6) at 1-2.) The Government responds that this Court lacks jurisdiction to expunge Defendant's record, or, in the alternative, that no exceptional circumstances exist that warrant expungement. (Government's Resp. to Def.'s Mot. for an Expungement ("Gov.'s Resp.") (ECF No. 7) at 2-6.) On April 28, 2014, the Court held a hearing on the motion. For the reasons set forth below, this Court finds that it lacks jurisdiction to rule on Defendant's motion. Accordingly, Defendant's Motion for an Order of Expungement and Sealed (ECF No. 6) is DISMISSED.

### I. Factual Background

On June 14, 2012, the United States filed a Criminal Information against Defendant, alleging that he had assaulted an individual while at Fort Lee, in violation of 18 U.S.C. § 113(a)(4). (Criminal Information (ECF No. 1) at 1.) On July 16, 2012, Defendant, represented by counsel, had his initial appearance before this Court, and the Government moved to continue the matter for six months. (Appearance of Counsel (ECF No. 2); Gov.'s Resp. at 1-2.) Upon

1

agreement of Defendant and the Government,[1] the Court granted the motion and took the matter under advisement on the condition that Defendant would complete pretrial diversion. (Misdemeanor Proceedings (ECF No. 3).) On October 25, 2012, the Court dismissed the case with prejudice, because Defendant had fully complied with the terms of his pretrial diversion. (ECF No. 4 ("Dismissal Order").)

Defendant now alleges that the dismissed charge against him continues to cause his co-workers and superiors to alienate him. (Taylor's Resp. to Government's Objection to Mot. for Expungement ("Def.'s Resp.") (ECF No. 8) at 4-5.) Specifically, Defendant feels that the Special Assistant United States Attorneys ("SAUSAs") did not deal with Defendant honestly, because the SAUSAs "knew [Defendant] was innocent" but proceeded with pretrial diversion anyway. (Def.'s Resp. at 5-6.) As a result, Defendant asks this Court to expunge his arrest record and to seal the records related to this case. (Def.'s Mot. at 2; Def.'s Resp. at 6.)

II. Analysis

As an initial matter, the Court must determine whether it has jurisdiction to address Defendant's motion. Both Defendant and the Government agree that should this Court have

---

[1] After the Courtroom Deputy called the case, the attorney for the Government stated that Defendant was a candidate for pretrial diversion. (Hearing Record ("Hr'g R.") at 10:13:07-10:13:50.) The Court then asked counsel for Defendant if handling Defendant's case with the other pretrial diversion cases would be fair, to which counsel for Defendant replied that doing so would be "exceptionally fair." (Hr'g R. at 10:13:50-10:14:22.) Because Defendant was the only candidate for pretrial diversion at that time, the Court addressed Defendant directly and asked if he understood that the Government sought to put Defendant in pretrial diversion rather than seek a criminal conviction. (Hr'g R. at 10:14:25-10:14:46.) Defendant stated that he understood. (Hr'g R. at 10:14:47.) The Court then asked Defendant if he would like to participate in the pretrial diversion program. (Hr'g R. at 10:14:47-10:14:53.) Defendant responded to the Court that he did. (Hr'g R. at 10:14:54.) Finally, the Court advised Defendant that should he violate the terms of the program, the Government could then seek a criminal conviction on the underlying charge, and Defendant could face additional consequences for violating the terms of the program as well. (Hr'g R. at 10:14:55-10:15:22.) Defendant stated that he understood. (Hr'g R. at 10:15:22-10:15:23.)

jurisdiction to rule on the merits, jurisdiction must arise from the Court's equitable powers. (Gov.'s Resp. at 2; Def.'s Resp. at 3-4.) The Government contends that this Court lacks jurisdiction over the matter in light of the Supreme Court's ruling in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). (Gov.'s Resp. at 2.) Specifically, the Government argues that the Court's power to expunge is a collateral matter to the underlying charge, requiring analysis under the doctrine of ancillary jurisdiction. (Gov.'s Resp. 2-4.) Defendant responds that the doctrine of ancillary jurisdiction does not apply, because Defendant's case is factually distinguishable from both *Kokkonen* and other post-*Kokkonen* expungement cases that analyze a court's power to expunge under the doctrine of ancillary jurisdiction. (Def.'s Resp. at 2-6.) As a result, Defendant argues that this Court's ability to expunge is not a collateral matter and asks that this Court exercise its inherent power and expunge Defendant's record. (Def.'s Resp. at 2-6.)

A. Jurisdiction

Without proper jurisdiction, the Court may not rule on the merits of the case. *Goldsmith v. Baltimore*, 845 F.2d 61, 63-64 (4th Cir. 1989) (citing *Johnson v. Town of Elizabethtown*, 800 F.2d 404, 407 n.2 (4th Cir. 1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985)). Federal courts "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

In some narrow situations, courts have the statutory authority to expunge a criminal record. *See, e.g.*, 18 U.S.C. § 3607(c) (first offender under Controlled Substances Act). In this case, however, no statutory authority specifically grants a court the power to expunge a criminal record under 18 U.S.C. § 113 — the statute identified in the criminal information. Because no

specific statutory basis exists for expungement here, the parties have focused on the ability of the Court to invoke its equitable powers through ancillary jurisdiction.

When a district court acquires jurisdiction over a case in its entirety, ancillary jurisdiction allows that court to hear collateral matters, incident to the full disposition of the case, "when necessary to allow it to vindicate its role as a tribunal." *United States v. Mitchell*, 683 F.Supp. 2d 427, 429 (E.D. Va. 2010) (Ellis, J.) (quoting 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure* § 3523.2, at 213 (3d ed. 2008)) (internal quotation marks omitted). The Supreme Court addressed the extent of federal court ancillary jurisdiction in *Kokkonen*, indicating that ancillary jurisdiction allows a federal court to hear "some matters (otherwise beyond their competence) that are incidental to other matters properly before them." 511 U.S. at 378-79. Generally, ancillary jurisdiction allows courts to hear these collateral matters in two specific situations: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority and effectuate its decrees." *Id.* at 379-80 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926); *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)).

Before the Supreme Court decided *Kokkonen* in 1994, courts found that the ability to expunge was within their inherently equitable powers. *See, e.g., United States v. Van Wagner*, 746 F. Supp. 619, 620-21 (E.D. Va. 1990) (Ellis, J.). Indeed, the Fourth Circuit implicitly acknowledged as much in *Allen v. Webster*, by holding that a district court "did not abuse its equitable discretion in denying the requested relief of expungement." 742 F.2d 153, 155 (4th Cir. 1984). Since the Supreme Court's guidance on ancillary jurisdiction in *Kokkonen*, neither

the Supreme Court nor the Fourth Circuit has directly addressed the jurisdiction to expunge a criminal record on equitable grounds.[2]

Other Courts of Appeals and at least one district court within the Eastern District of Virginia, however, have addressed ancillary jurisdiction in expungement cases after the Supreme Court's decision in *Kokkonen. See, e.g., United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007) ("Thus, *Kokkonen* forecloses any ancillary jurisdiction to order expungement based on . . . equitable reasons."); *United States v. Meyer*, 439 F.3d 855, 862 (8th Cir. 2006) ("[I]n light of *Kokkonen*, we conclude that ancillary jurisdiction does not extend to expungement of a criminal conviction where the petitioner asserts solely equitable grounds."); *Mitchell*, 683 F. Supp. 2d at 432-33 (finding that neither rationale for exercising ancillary jurisdiction set forth in *Kokkonen* applied to defendant's request to expunge); *see also United States v. Rowlands*, 451 F.3d 173, 179 (3d Cir. 2006) (affirming district court's dismissal for lack of jurisdiction over petition for expungement); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) ("[A] district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction . . . ."). As the First Circuit summarized, "[t]hese circuits have rejected the notion that a federal court's . . . 'inherent power' provides ancillary jurisdiction over equitable orders to expunge because such orders do not fit within *Kokkonen*'s purposes for ancillary jurisdiction." *Coloian*, 480 F.3d at 51.

In *United States v. Mitchell*, Judge Ellis explained why the two rationales for exercising ancillary jurisdiction under *Kokkonen* generally do not exist in expungement cases. First, the facts relating to a defendant's arrest are "wholly separate and distinct from the equitable

---

[2] The Supreme Court denied certiorari for cases from the First Circuit and Third Circuit that held that the courts lacked jurisdiction to grant motions to expunge. *See Coloian v. United States*, 480 F.3d 47 (1st Cir.), *cert. denied* 552 U.S. 948 (2007) (mem.); *Rowlands v. United States*, 451 F.3d 173 (3d Cir.), *cert denied* 549 U.S. 1032 (2006) (mem.).

circumstances that defendant contends justify the expungement of his criminal record." *Mitchell*, 683 F. Supp. 2d at 433. Second, expungement does not facilitate the court's ability to manage its proceedings, to effectuate its decrees or to vindicate its authority. *Id.* (quoting *Kokkonen*, 511 U.S. at 380). Judge Ellis further noted that expunging public record would be, in fact, contrary to *Kokkonen*'s second rationale. *Id.*

In this case, Defendant similarly fails to satisfy either *Kokkonen* rationale. First, no factual interdependence exists between the Criminal Information that was both filed and dismissed and the circumstances giving rise to Defendant's request for expungement. The Criminal Information charged Defendant with assaulting another person in violation of 18 U.S.C. § 113(a)(4). (Criminal Information at 1.) Upon agreement of Defendant and Government, the Court took the case under advisement and eventually dismissed the case, because Defendant had complied with all pretrial diversion terms. (Dismissal Order.) Once the case was dismissed with prejudice, like the *Coloian* and *Mitchell* courts, this Court no longer had jurisdiction. 480 F.3d at 50; 683 F. Supp. 2d at 432. Defendant seeks expungement, because he did not feel that he was "dealt with honestly by the government officials" and "[h]e continues to be alienated by his coworkers and superiors." (Def.'s Resp. at 6.) The facts regarding the dismissed assault charges and Defendant's alienation by co-workers are not "factually interdependent" as required by *Kokkonen*. Therefore, Defendant fails to satisfy the first *Kokkonen* rationale.

Second, Defendant's request does not satisfy the other *Kokkonen* rationale to "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority and effectuate its decrees." *Kokkonen*, 511 U.S. at 379–80. The Court dismissed the underlying case with prejudice, because Defendant complied with all terms of pretrial diversion. (Dismissal Order.) There are no proceedings to manage, no decrees to effectuate and no authority to

vindicate in this case precisely because the Court dismissed the case with prejudice. Accordingly, Defendant fails to satisfy the second *Kokkonen* rationale to give rise to ancillary jurisdiction.

Defendant attempts to distinguish this case from *Mitchell*, because Defendant was never convicted of a crime. (Def.'s Resp. at 4.) However, a Criminal Information was filed against Defendant, charging him with misdemeanor assault. (Gov.'s Resp. at 1.) Defendant had an opportunity to challenge the case; yet, Defendant, represented by counsel, agreed to pretrial diversion. (Gov.'s Resp. at 5.) Contrary to Defendant's argument, the lack of conviction does not distinguish his case from *Mitchell*, because the type of record that he seeks to have expunged would still fall under the ancillary jurisdiction that this Court does not possess.

Because Defendant fails to satisfy either of the *Kokkonen* rationales, this Court lacks ancillary jurisdiction to hear Defendant's motion.[3]

B. The Merits of Defendant's Request

Although this Court lacks jurisdiction to decide Defendant's motion, even if the Court could rule on the merits, Defendant does not present an actionable claim for expungement. A court should only expunge in "exceptional circumstances." *Allen*, 742 F.2d at 155 (quoting *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977)).[4]

Expungement is a narrow remedy, reserved for an extreme or unusual case, and the

---

[3] Though nothing in the record indicates that Defendant specifically consented to jurisdiction of a magistrate judge, the undersigned handled the entire disposition of the underlying case. (Misdemeanor Proceedings; Dismissal Order.) Even if Defendant had brought the motion in District Court, that court would lack ancillary jurisdiction over the motion for those same reasons stated above.

[4] Although *Kokkonen* calls in to question a court's jurisdiction to grant a motion to expunge — a question unaddressed by *Allen* — *Allen*'s articulation of when a court may expunge remains substantively on point.

consequences that Defendant suffered must also be considered and weighed as to whether his arrest was so extreme and unusual so as to justify expungement. *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *Van Wagner*, 746 F. Supp. at 621. Examples of extreme cases include arrests made for the sole purpose of harassment or where the statute under which the arrest was made was later declared unconstitutional. *Schnitzer*, 567 F.2d at 539-40 (citing *United States v. McLeod*, 385 F.2d 734 (5th Cir. 1967); *Wheeler v. Goodman*, 306 F.Supp. 58 (W.D.N.C. 1969)). Generally, "expungement is appropriate where the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records." *Van Wagner*, 746 F. Supp. at 621 (quoting *Diamond v. United States*, 649 F.2d 496, 499 (7th Cir. 1981)) (internal quotation marks omitted). Further, this balancing "must be examined individually on its merits." *Schnitzer*, 567 F.2d at 540; *see also United States v. Friesen*, 853 F.2d 816 (10th Cir. 1998) (finding that district court erred by not examining factual consequences surrounding defendant's arrest).

Defendant cites to and analogizes his case to *United States v. Van Wagner* in support of his position that this Court should expunge and seal these records. (Def.'s Resp. at 5-6.) In *Van Wagner*, the defendant was erroneously arrested — a point that the Government conceded — and the defendant provided actual evidence of real and permanent economic damage resulting from the arrest. 746 F. Supp. at 621. The economic hardship, by itself, was not enough for the court to grant expungement, but was a factor considered in the balance of interests. *Id.* at 621 n.3. The economic hardship, coupled with the Government's concession of innocence and the lack of government interest in the maintenance of defendant's records, however, led the court to find sufficient exceptional circumstances to warrant expungement. *Id.* at 623.

Defendant's circumstances here do not rise to a level considered "exceptional."

Defendant does not argue that the charging statute is unconstitutional. Further, he does not allege that the arrest was made for the sole purpose of harassment. Defendant alleges that his supervisor — the individual whom Defendant allegedly assaulted — was going to request a grand jury indictment if the SAUSA did not file a criminal information against Defendant. (Def.'s Resp. at 5.) Defendant further alleges that the SAUSA informed Defendant that the SAUSA knew that Defendant was innocent. (Def.'s Resp. at 5.) As a result of the charge, Defendant feels alienated by co-workers and superiors.[5] (Def.'s Resp. at 6.) Unlike *Van Wagner*, however, Defendant offers no evidence in support of these allegations beyond his own testimony, essentially asking this Court to take Defendant at his word and rule solely on the unsupported assertions that he has made in his filings.[6]

Although Defendant claims innocence, unlike *Van Wagner*, the Government does not concede Defendant's innocence. (Gov.'s Resp. at 4.) Rather than requiring that the Government prove his guilt beyond a reasonable doubt or affirmatively contesting his guilt, Defendant, represented by counsel, chose to allow the Court to take the charges under advisement, comply

---

[5] Defendant additionally testified at the hearing that the charge would make it difficult to obtain a job in the future. Since the Government originally brought the charge, Defendant has remained in his job as a paralegal and has not applied for another job, although he admitted that he may have to explain the charge should he apply for another job. Such speculative harm does not give rise to an exceptional circumstance warranting an expungement. *See Schnitzer*, 567 F.2d at 540 ("While courts need not wait for substantial damage to occur before taking remedial equitable action, there is no evidence that harsh damage will indeed accrue. [Defendant] only alleges that retention of the record would create a poignant problem for him because of his status as a rabbinical student. In short, [Defendant] may be asked to explain the circumstances surrounding his arrest. However, his situation is not harsh or unique. Such an explanation may be expected from those about to enter a profession, such as a religious or legal profession. The harm, if any, which may result does not fall within the narrow bounds of the class of cases where expungement has been declared appropriate.").

[6] During the hearing conducted on the motion, Defendant offered into evidence a page from an EEOC complaint in which SAUSA Carlos Ramierz-Vasquez opined that Defendant was innocent based on Defendant's character. This opinion evidence does not establish Defendant's factual innocence and, therefore, offers no support for Defendant's claims.

9

with specific terms and, in return, this Court dismissed the charges with prejudice at the appropriate time. As a result, even if this Court did have jurisdiction to rule on Defendant's motion, Defendant has not presented the type of exceptional circumstances warranting expungement.

### III. Conclusion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Congress and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 378. Courts may hear collateral proceedings incident to the full disposition of a case under the doctrine of ancillary jurisdiction, *Mitchell*, 683 F. Supp. 2d at 429, however, the Supreme Court has limited ancillary jurisdiction to two specific purposes. *Kokkonen*, 511 U.S. at 379-80. Neither purpose presents itself today. As such, this Court lacks jurisdiction to rule on the merits of Defendant's motion. Accordingly, Defendant's Motion for an Order of Expungement and Sealed (ECF No. 6) is DISMISSED.

Let the Clerk file this Opinion electronically and notify all counsel accordingly.

An order consistent with this opinion shall be issued.

/s/ 
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: April 29, 2014